STATE OF OREGON,
*Respondent,*

*v.*

KARL WILLIAM LARSEN,
*Appellant.*

(CR87-28; CA A44308)

748 P2d 555

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for the crime of being an exconvict in possession of a firearm. ORS 166.270. He raises the question of reasonableness of the search of his vehicle and seizure of a weapon.

The parties have stipulated to the relevant facts. Defendant was arrested on February 6, 1987, for driving under the influence of intoxicants. The arresting officer, having observed defendant driving erratically at about 45 miles per hour on a freeway, stopped defendant, asked him to step out of the car and administered field sobriety tests. Defendant's performance was not satisfactory. The officer noticed defendant's flushed face, his slurred speech and an odor of alcohol on his breath and formed an opinion that defendant was under the influence of intoxicants. He then asked defendant whether he had an open alcohol container in his car. When defendant answered that he had a can of beer, the officer advised him of the *Miranda* rights and placed him in the back seat of the police car. The officer then opened the door of defendant's car on the driver's side and saw an open can of beer on the floorboard next to the door. When he bent down to reach down for the can, he noticed the butt of a handgun under the driver's seat. He could not have seen it unless he had opened the door and bent down.

At the pretrial hearing, the trial judge concluded that questioning defendant about a container in his car was custodial interrogation. Accordingly, because defendant had not been advised of his rights, he suppressed the response. However, he denied defendant's motion to suppress the gun, having concluded that the gun was discovered, not as a result of a search, but as a result of the officer's legitimate effort to check and secure the car before having it towed.

Defendant assigns as error the denial of his motion to suppress the gun. He argues that the officer's conduct constituted an unreasonable warrantless search, because it was the fruit of defendant's statement, which he had made before he was advised of the right to remain silent. The state contends that defendant was not under arrest when he made the

statement[1] and that, in any case, the officer was entitled to search the car under the automobile exception and incident to defendant's arrest. In addition, the state argues that the weapon was admissible under the inventory search and inevitable discovery doctrines.

■ We agree with the trial judge's conclusion that defendant was in custody when he made the incriminating statement. Because the *Miranda* warnings were not given to him until after he responded to the question, the response was properly suppressed. Without the statement, the officer lacked probable cause to search the vehicle, and the search was outside the automobile exception. For the same reason, the search was not valid as incident to an arrest.

■ We agree with the state, however, that the gun would inevitably have been discovered during routine procedures after the DUII arrest. The inevitable discovery doctrine is an exception to the exclusionary rule. The prosecution must prove by a preponderance of evidence that illegally obtained evidence inevitably would have been discovered, in the absence of the illegality, by proper and predictable police investigatory procedures. *State v. Miller,* 300 Or 203, 225, 709 P2d 225 (1985).

The officer testified that a normal practice after a DUII arrest is to tow the vehicle to safety. Before towing, an officer routinely checks it for valuables and secures the keys until a tow truck arrives. That procedure is predictable and proper.[2] Here, the officer opened the door on the driver's side and saw the beer container in plain view. We are satisfied that the container would have been discovered in the routine check of the car. The officer would have been justified in seizing it and, being lawfully in that position, he would inevitably have discovered the gun.

Affirmed.

---

[1] Although the state did not appeal the pretrial suppression of defendant's statement, it is not precluded from arguing on appeal that defendant was not in custody. *State v. White,* 297 Or 302, 307 n 4, 685 P2d 983 (1984).

[2] Defendant does not argue that the procedure was invalid under *State v. Atkinson,* 298 Or 1, 688 P2d 832 (1984).